IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR197 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY B. WINKELMAN, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin Herdman, United States Attorney, and Payum Doroodian, Special Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of Defendant Jeffrey B. Winkelman. Because the Presentence Investigation Report ("PSR") includes Defendant's relevant conduct dating back to 2002, it calculates Defendant's adjusted advisory Sentencing Guidelines offense level as 13 (after acceptance of responsibility) with a Criminal History Category of I. (Doc. No. 8 at ¶¶ 28, 32). Thus, the advisory Guidelines range is 12 to 18 months. (Doc. No. 8 at ¶ 58). The United States acknowledges that this calculation is correct and mirrors the total loss from relevant conduct that was part of the plea agreement. (Doc. No. 4 at ¶ 18(f)). Pursuant to the plea agreement, the United States and the Defendant jointly recommend that this Court vary downward to an offense level of 10 and impose a sentence between 6 to 12 months. (Doc. No. 4 at ¶ 12). Insofar that the Defendant may suggest any variance or departure below this Guidelines range, the United States objects to it as it was not contemplated by plea agreement. Thus, for the

reasons set forth below, the United States requests this Court vary downward to a Guidelines range of 6 to 12 month imprisonment.

I.  **FACTUAL BACKGROUND**

Defendant is 49 years old and married with children. Beginning in 2002, Defendant's wife and two children applied for and received needs-based Supplemental Security Income ("SSI") benefits from the Social Security Administration ("SSA"). To qualify for these benefits, Defendant reported to SSA that he did not live in the family home with his wife and children and therefore his income was not calculated as a part of family income. (Doc. No. 8 at ¶ 9). Beginning in January 2002 and continuing through discovery of Defendant's scheme in May 2015, Defendant falsely reported to SSA at least 10 times that he did not live with his wife and children for the express purpose of obtaining more SSI benefits than he was entitled. (Doc. No. 8 at ¶ 9). However, Defendant maintained his legal and mailing address as the same as his wife and children, even when his family moved to new homes in 2008 and 2011. (Doc. No. 8 at ¶ 9).

In September 2011, Defendant purchased a new home in Seven Hills, Ohio, and reported to SSA that his family moved into the home. Two weeks later, Defendant reported to SSA that he moved out of the home he just purchased and now acts as his wife's landlord. (Doc. No. 8 at ¶ 9). To conceal the scheme, Defendant falsely reported to SSA that he lived with his wife's half-sister, and Defendant's wife even asked her half-sister to falsely report to SSA that Defendant lived with her. (Doc. No. 8 at ¶¶ 9,11). This period until discovery of the crime serves as the basis for single count in the Information. However, as a result of Defendant's criminal scheme, which spanned 161 months before discovery, Defendant fraudulently received approximately $220,457.08 in SSI benefits on behalf of his family for which he was not entitled.

## II.    APPLICATION OF § 3553(a) FACTORS

Considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, a varied sentence within the range of 6 to 12 months imprisonment is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide a just punishment for the offense, and afford adequate deterrence.

For thirteen and a half years, Defendant brazenly stole SSI funds through repeated acts of deception. With an understanding of the SSI benefits system, Defendant calculated and executed measures to perpetrate his protracted crime and avoid detection, forcing the United States to expend extraordinary resources to discover and stop the Defendant's crime. As indicated by his 10 false declarations to SSA, Defendant knew that he was receiving more SSI funds than he was entitled by reporting that he did not live in the family household, even when the family moved to new locations. After he purchased a home in 2011, Defendant briefly correctly reported to SSA that his family has moved into this new home only because he could no longer report his family in their previous home. Then, exposing his full understanding of the program requirements, Defendant reported to SSA just two weeks later that he no longer lived in the home he just purchased and now acts as the landlord for his family and charging them rent. Finally, Defendant attempted to recruit another to make false statements to SSA in order to conceal his crime. Thus, given the nature and circumstances of the offense, especially the efforts Defendant went to perpetrate his crime for 161 months, this Court should not hesitate to impose a sentence that includes incarceration.

In his sentencing memorandum, Defendant minimizes his conduct by stating that his family may potentially have been entitled under a different SSA program that was not dependent upon household income. (Doc No. 10 at PageID 74). In doing so, Defendant fails to appreciate

3

the seriousness of his offense, as he believes he should not suffer just punishment because he could have obtained the money through legal means. Such an argument is akin to arguing that he should not be punished for robbing a bank because he could have lawfully withdrawn money from the same bank. Even if Defendant is correct, it does not absolve him for lying to a federal agency for thirteen and a half years and concealing his misconduct wherever possible.

Defendant's position in his sentencing memorandum is not uncommon and in part why this Court should impose just punishment that reflects the seriousness of the offense, promote respect for the law, and affords adequate deterrence. Like the Defendant, there are those who believe that stealing from Social Security is a victimless crime and not a serious crime. Yet, stealing from SSA stresses an already weakened system that may not be able to provide critical support in the future to the elderly and disabled who need these benefits to survive. Moreover, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'" *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)); *see also United States v. Musgrave,* 761 F.3d. 602, 609 (6th Cir. 2014) (noting that financial crimes "are especially susceptible to general deterrence" and "there is a general policy favoring incarceration for these crimes").

In determining a sentence that is sufficient, but not greater than necessary to achieve the purposes of sentencing, a sentence within the Guidelines range of 12 to 18 months as calculated by the PSR is too severe, given Defendant's lack of criminal history. Thus, the United States requests that this Court vary downward and impose a sentence within a Guidelines range of 6 to 12 months imprisonment.

4

### III. CONCLUSION

For the forgoing reasons, the United States respectfully requests that the Court vary downward to an advisory Guidelines range of 6 to 12 months and impose a term of imprisonment within this range.

    Respectfully submitted,

    JUSTIN HERDMAN
    United States Attorney


By:   /s/ Payum Doroodian
    Payum Doroodian (DC: 1035376)
    Special Assistant United States Attorney
    United States Court House
    801 W Superior Ave, Suite 400
    Cleveland, OH 44113
    (216) 622-3739
    (216) 522-2403 (facsimile)
    Payum.Doroodian@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2018 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Payum Doroodian
Payum Doroodian
Special Assistant U.S. Attorney