UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:18-cr-00196-JG |
| Plaintiff, : | (1:19-cv-02034-JG) |
| : | ORDER |
| vs. : | [Resolving Docs. 19] |
| : | |
| JEFFREY B. WINKELMAN, : | |
| Defendant. : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 4, 2019, Defendant Jeffrey B. Winkelman petitioned for habeas corpus relief under 28 U.S.C. § 2255.[1] Winkelman argues that he received ineffective assistance of counsel.[2] The Government opposes.[3] For the following reasons, the Court **DENIES** Defendant Winkelman's petition.

## I. Background

On April 26, 2018, the United States charged Jeffrey B. Winkelman with stealing Title XVI Supplemental Security Income benefits, in violation of 18 U.S.C. § 641.[4]

On May 7, 2018, Defendant Winkelman pled guilty.[5] In the plea agreement, Winkelman admitted the factual basis of his offense: In 2001-2002, Defendant's wife and two children applied for and received needs-based Supplemental Security Income benefits from the Social Security Administration.[6] The Social Security Administration selected

---

[1] Doc. 19.
[2] *Id.*
[3] Doc. 28.
[4] Doc. 1.
[5] Doc. 3; Doc. 4.
[6] Doc. 4 at 6.

Defendant to manage his wife and children's benefits.[7] To receive additional Supplemental Security Income benefits, Defendant repeatedly and falsely told the Social Security Administration that he did not live in the same household as his family.[8] As a result of Defendant's scheme to defraud the Social Security Administration, that he maintained from 2002 to 2015, the Social Security Administration overpaid $220,458.08.[9]

On August 28, 2018, this Court sentenced Winkelman to 2 months' imprisonment with credit for time served and restitution in the amount of $220,457.00.[10] Defendant Winkelman did not appeal.

On September 4, 2019, Defendant Winkelman filed this motion under 28 U.S.C. § 2255.[11] He argues that he received constitutionally ineffective assistance of counsel, claiming approximately nine grounds.[12] The Government opposes.[13]

## II. Legal Standard

Title 28 United States Code Section 2255 provides a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[14]

---

[7] *Id.*
[8] *Id.* at 7.
[9] *Id.* at 8.
[10] Doc. 14 at 2.
[11] Doc. 19.
[12] *Id.*
[13] Doc. 28. Defendant submitted an untimely reply. Doc. 29.
[14] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

Case No. 1:18-cr-00196
Gwin, J.

### III. Analysis

Defendant Winkelman claims that his constitutional right to effective assistance of counsel was violated.[15] To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[16] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[17] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[18]

Second, a § 2255 petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19]

In the context of a plea agreement, a defendant may show prejudice if "there is a reasonable probability that the outcome of the plea process would have been different had he received competent advice."[20]

Defendant Winkelmen raises about nine grounds for relief. Several of these grounds, however, are merely conclusory statements without factual or legal support.[21] Accordingly, the Court will address only the three arguments that he has sufficiently developed.[22]

---

[15] Doc. 19.
[16] 466 U.S. 668 (1984).
[17] *Id.* at 688.
[18] *Id.* at 690.
[19] *Id.* at 695.
[20] *Wise v. United States*, No. 5:19 CV 463, 2019 WL 3068252, at *2 (N.D. Ohio July 11, 2019).
[21] For example, Defendant claims that his counsel did "not properly analyz[e] the charges," but he offers no further explication of this ground. Doc. 19 at 2.
[22] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened

Case No. 1:18-cr-00196
Gwin, J.

### A. Ground I: Counsel's Performance Was Not Deficient for Advising Defendant to Plead Guilty.

In his first ineffective assistance of counsel claim, Defendant Winkelman says that his attorney was ineffective because his attorney pressured Winkelman to plead guilty.[23] Defendant further alleges that his attorney "failed to inform [him] of any other option" and "exaggerated the benefits of pleading guilty."[24]

Petitioner's first ground fails because the attorney's advice for him to plead guilty was well within the wide range of professionally competent assistance. The Government had significant evidence that Petitioner repeatedly lied about his residence to increase his Supplemental Security Income benefits,[25] and acceptance of responsibility reduced his offense-level computation for Guidelines sentencing purposes.[26]

Furthermore, Petitioner's insinuation that he knew of no other option than pleading guilty is belied by the plea-hearing transcript. At the plea hearing, the Court asked Defendant whether he understood that he had the right to a jury trial or a bench trial.[27] Defendant answered that he did understand, and he said that he willingly gave up his trial right.[28] The Court also asked Defendant whether he had consulted with his attorney about the various ways he might defend against the charges.[29] Defendant Winkelman answered

---

pleading requirements."); Rule 2 of the Rules Governing § 2255 Proceedings for the U.S. Dist. Courts (requiring petitions to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground"); *see also United States v. Cosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) ("[C]onclusory assertions of ineffective assistance are not adequate.); *Green v. United States*, 2016 WL 4493851, at *4 (N.D. Ohio Aug. 26, 2016).
 [23] Doc. 19 at 2.
 [24] *Id.*
 [25] Doc. 13 at 3-7.
 [26] *Id.* at 7-8.
 [27] Doc. 26 at 6.
 [28] *Id.*
 [29] *Id.* at 8.

that he had.[30]

The defense attorney's reasonable advice and Defendant's statements at the colloquy cause the Court to reject the argument that the defense attorney's performance was deficient. This claim is denied.

### B. Ground II: Counsel's Performance Was Not Deficient for Not Raising a Frivolous Rule 32 Argument.

In his second ground, Defendant Winkelman argues that his attorney was ineffective for "fail[ing] to ask the court to meet its obligations" under Federal Rule of Criminal Procedure 32(i)(3)(B).[31] Specifically, he says that (1) the Supplemental Security Income overpayment amount—which ultimately became the restitution amount—was disputed; (2) the court did not make factual findings on the record that supported the overpayment amount; and (3) his attorney was ineffective for failing to ask for such factual findings.[32]

Federal Rule of Criminal Procedure 32(i)(3)(B) states that "for any disputed portion of the presentence report or other controverted matter" at sentencing, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."[33]

As an initial matter, the overpayment/restitution amount was never disputed. In his plea agreement, Defendant admitted that "[a]s a result of Defendant's scheme to defraud the Social Security Administration, which he maintained since 2002, the total amount of overpayment by Social Security Administration is approximately $220,457.08".[34] At the

---

[30] *Id.*
[31] Doc. 19 at 3.
[32] *Id.* at 3-4.
[33] Fed. R. Crim. P. 32(i)(3)(B).
[34] Doc. 4 at 8.

plea colloquy, Winkelman also testified:

> THE COURT: And then finally, as part of this plea agreement, do you agree to consent to a restitution order in the amount of $220,457.08?
> THE DEFENDANT: Yes.[35]

Furthermore, at the sentencing hearing, the Court asked Defendant whether he had any objection to the final pre-sentencing report ("PSR"), which stated that "[t]he parties agreed to recommend that the Court enter a restitution order against the defendant for $220,457.08."[36] Defendant said he had no objection.[37]

To be sure, in one of Defendant's sentencing memoranda, the defense attorney suggested—as a mitigating factor for Defendant's crime—that the Winkelman family might have been entitled to non-income-based Social Security benefits during Defendant's scheme.[38] This proposition, however, does not make the overpayment/restitution amount controverted. Even if Defendant's family could have received non-income-based benefits—a dubious proposition[39]—this would not change the fact that Defendant was overpaid on the income-based benefits.

Even assuming *arguendo* that the overpayment/restitution amount was controverted, there was factual support for the Court's $220,457.08 restitution order. Indeed, after establishing that neither party objected to the PSR (which included the factual basis for the restitution amount), the Court elicited information from the parties about the duration of

---

[35] Doc. 26 at 15.
[36] Doc. 8 at 7.
[37] Doc. 25 at 4.
[38] Doc. 12 at 3; *see also* Doc. 10 at 4.
[39] At the sentencing hearing, defense counsel withdrew this argument and disclosed that he had recently learned that a Winkelman family member's application for non-income-based benefits had been submitted and denied. Doc. 25 at 9-10.

Case No. 1:18-cr-00196
Gwin, J.

the scheme and about how much Defendant wrongfully obtained per month.[40] The Court considered all this information when determining the total restitution amount. In sum, the overpayment/restitution amount was not controverted, and, even if it would have been, the Court made factual findings in accordance with Rule 32. Accordingly, defense counsel's representation was not deficient for failing to ask the Court to comply with Rule 32.[41] Ground II is denied.

### C. Ground III: Counsel's Performance Was Not Deficient for Not Appealing the Restitution Amount.

In his final ground asking for relief, Defendant Winkelman argues that his counsel gave deficient representation by failing to appeal "an erroneous restitution award."[42] Defendant does not clearly articulate why the restitution amount is "erroneous." He does, however, say that the Social Security Administration made a mistakes, such as a failure to place Defendant's wife on non-income-based benefits, and that he would be innocent but for the Social Security Administration's mistakes.[43]

As an initial matter, Defendant's argument fails because he waived his right to appeal his sentence—including the restitution amount—in his plea agreement.[44] But in any event, his counsel was not deficient for challenging the restitution amount because the amount was correct.[45]

---

[40] Doc. 25 at 12, 16-17, 19-20, 24-26.
[41] *See White v. U.S.*, 69 Fed. Appx. 222, 223 (6th Cir. 2003) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)) (opining that counsel is not required "to raise frivolous defenses or arguments to avoid a charge of ineffective representation").
[42] Doc. 19 at 1.
[43] *Id.* at 4-6.
[44] Doc. 4 at 5.
[45] *See White*, 69 Fed. Appx. at 223 (6th Cir. 2003) (opining that counsel is not required "to raise frivolous defenses or arguments to avoid a charge of ineffective representation").

Case No. 1:18-cr-00196
Gwin, J.

If the Social Security Administration made mistakes in adjudicating his benefits claim—as Defendant alleges—the proper recourse would have been to challenge those decisions administratively.

As the Government aptly stated in its sentencing brief, this "argument is akin to arguing that [Winkelman] should not be punished for robbing a bank because he could have lawfully withdrawn money from the same bank."[46]

Ground III is denied.

In sum, Defendant's three grounds all fail to satisfy the first *Strickland* prong; his Defendant's counsel's performance was not deficient. Therefore, his ineffective assistance claims fail.

## IV. Conclusion

For the reasons stated, the Court **DENIES** Defendant Winkelman's § 2255 petition to vacate and correct his sentence. The Court certifies that no basis exists upon which to issue a certificate of appealability.[47]

IT IS SO ORDERED.

Dated: January 27, 2020                         *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[46] Doc. 11 at 4.
[47] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).